**SBARBARO v. UNITED STATES et al.**

**Nos. 137 of 1949 and 401 of 1947.**

United States District Court
E. D. Pennsylvania.

Jan. 8, 1953.

See also, D.C., 86 F.Supp. 477.

J. Wesley Oler, Ernest R. von Starck, Thomas B. K. Ringe and Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., and James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

GANEY, District Judge.

This case concerns itself with two suits in Admiralty. One was originally brought in the United States District Court for the Eastern District of Virginia pursuant to the Public Vessels Act of 1925, 43 Stat. 1112, 46 U.S.C.A. § 781 et seq., and subsequently transferred to this court; the other was instituted in this district under the Suits in Admiralty Act, 41 Stat. 525, 46 U.S.C.A. § 741 et seq. The cause of action in each suit is the same. Briefly stated it is as follows: Libellant, a minor, while he was serving as a midshipman cadet [1] in the Pennsylvania Maritime Academy, was injured on board the Keystone State as a result of her unseaworthiness or the negligence of her crew. The vessel was owned by the United States and on loan to and operated by the Commonwealth of Pennsylvania in accordance with an agreement between that State and the War Shipping Administration (now the United States Maritime Commission).

In each suit, the United States has filed exceptive allegations to the libel on the grounds that this court lacks jurisdiction over the subject matter of the suit.

The two main issues in each suit are what was the character of the vessel Keystone State, and what was the minor libellant's employment status at the time of his injury. Little trouble is encountered in

---

1. At the time he was also enrolled in the Maritime Service as a Midshipman, Merchant Marine Reserve, United States Naval Reserve.

deciding the first. Under the statute [2] and document pursuant to which possession of the Keystone State was transferred to the Pennsylvania Maritime Academy, that ship was and remained a public vessel within the meaning of the Public Vessels Act.

The determination of the status of the minor libellant is a little more difficult. However, in view of the control which the War Shipping Administrator (now the United States Maritime Commissioner) exercised or had the right to exercise over the Keystone State, the Pennsylvania Maritime Academy and its cadets during the war period, the minor libellant was an employee of the United States within the meaning of the Federal Employees Compensation Act of 1916, as amended, 39 Stat. 742, 5 U.S.C.A. § 751 et seq., at the time of his injury.[3] Therefore we must conclude that the benefits available to libellant under that Act are exclusive and preclude the suits here involved.

Accordingly, the exceptive allegations of the United States are allowed, and it is decreed by this court that the libels in each suit be, and the same is hereby, dismissed without prejudice to the minor libellant to seek his remedy under the Federal Employees Compensation Act, supra.

**2.** Act of March 4, 1911, 36 Stat. 1353, as amended, 34 U.S.C.A. § 1121 et seq.

**3.** Also see War Shipping Administrator's General Order No. 22, Revised, 46 C.F.R. (1944 Supp.) § 310 2(h); 46 C.F.R. 1949 Ed.) § 310.10(c).